UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

KRISTY LEE SOLDAN,

        Debtor.

_____/

Case No. DL 19-01889
Hon. Scott W. Dales
Chapter 7

MESOHEALTH, PC,

        Plaintiff,

v.

KRISTY LEE SOLDAN,

        Defendant.

_____/

Adversary Pro. No. 19-80094

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

The court held a hearing on November 21, 2019, in Lansing, Michigan, to consider the Motion for Default Judgment (ECF No. 9, the "Motion") that plaintiff MesoHealth, PC (the "Plaintiff") filed after defendant-debtor Kristy Lee Soldan (the "Defendant") failed to answer the summons and complaint in this proceeding under 11 U.S.C. § 523(c). The Plaintiff appeared at the hearing through counsel; the Defendant appeared *pro se*.

Just before the hearing, the Defendant filed an "Answer, Civil" (ECF No. 11, the "Answer") on a state court form through which she challenges the service of the summons and complaint and contests the allegations of fraud or embezzlement. The court treated the Answer as a motion to set aside the default. *See United Coin Meter Company, Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983) ("an answer or other opposition to a motion for default may be treated as a motion to set aside an entry of default"). Under *United Coin*, the court must consider whether the Defendant has a meritorious defense and whether the failure to answer the complaint is blameworthy in the sense of being willful, careless or neglectful.

The Defendant's challenge to service is a meritorious defense: as the court stated on the record during the hearing, serving the Defendant's bankruptcy lawyer by mail is insufficient under

Fed. R. Bankr. P. 7004.  Before a court approves service on an agent, it generally requires the agent to be appointed for the purpose of accepting service,[1] and respected commentary supports the conclusion that "the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place." Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1097 (4th ed.) (collecting cases). The record in the Defendant's main bankruptcy case, specifically her attorney's Rule 2016 statement, establishes that the attorney does not represent the Defendant in this proceeding.  *See* Disclosure of Compensation of Attorney for Debtor(s) (ECF No. 3, Base Case No. 19-01889).  Moreover, in response to the court's questions, the Defendant stated that her bankruptcy attorney was not authorized to accept service of process.[2]  Contrary to the suggestion of Plaintiff's counsel, giving indirect notice of a proceeding to a defendant is not equivalent to effecting formal service for the purpose of obtaining personal jurisdiction over her.

In addition to challenging service, the Defendant articulated the seeds of another colorable defense to the Plaintiff's complaint, namely her denial of any wrongdoing, her allegation that she had authority to effect some of the transactions at issue, and her belief that some of the credit card charges under review have been refunded to the Plaintiff.

As for not answering the complaint in time, the Defendant points to delays in getting a copy of it from her former counsel, and difficulties finding *pro bono* counsel to represent her in this adversary proceeding. In view of the foregoing, the court does not regard the Defendant's failure to answer the complaint as the product of willful misconduct, carelessness, or negligence.

To summarize: between the challenge to service, the denial of wrongdoing, and the reported refund of some of the challenged charges, the court finds that the Defendant may have meritorious defenses.  In making these preliminary conclusions under *United Coin*, the court sees no need to take evidence or permit formal briefing as counsel requested during the hearing – counsel's suggestion would only lead to additional delay and expense.  At the conclusion of the hearing, the Plaintiff agreed, albeit reluctantly, to entry of an order setting aside the default.

After the court expressed its doubts about proper service, Plaintiff's counsel expressed his concern about the impact of the defective service on his client's case, namely that the claims might be treated as time-barred if the court regards the action as not properly commenced.  The concern is well-founded,[3] but easily and fairly addressed.

---

[1] *See, e.g.*, Fed. R. Bankr. P. 7004(b)(8).

[2] Although the Sixth Circuit's decision in *Lampe v. Kash*, 735 F.3d 942 (6th Cir. 2013), is distinguishable, the opinion identifies some practical difficulties associated with providing notice by sending information to a litigant's former counsel.

[3] The applicable rule prescribes a short deadline for commencing an action under § 523(c): "60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R. Bankr. P. 4007(c).  Plaintiff timely commenced the action by filing the complaint on August 5, 2019.  Fed. R. Civ. P. 3 (applicable by virtue of Fed. R. Bankr. P. 7003).  But, as explained in the text of this opinion, the rules also impose deadlines for serving the complaint.

As the applicable court rule makes clear, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . ." Fed. R. Civ. P. 4(c)(1) (applicable in bankruptcy adversary proceedings under Fed. R. Bankr. P. 7004(a)(1)).  Rule 4(m), also applicable to the Plaintiff's complaint, provides in relevant part as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period …

Fed. R. Civ. P. 4(m).  Because more than 90 days have elapsed since the Plaintiff filed the complaint on August 5, 2019, and because the Plaintiff has not served the Defendant in accordance with the rules, the court must consider the effect of Fed. R. Civ. P. 4(m).

Here, the court finds no good cause for failure to serve the Defendant within the 90-day period that Rule 4(m) provides, simply unfounded assumptions conflating notice and service.  Rule 7004(b)(9) clearly prescribes how to serve a summons and complaint, by mail, upon a debtor, and simply serving counsel will generally not suffice, especially where (as here) the attorney does not represent the defendant in connection with the relief requested in the complaint.

Nevertheless, as Judge Maloney noted several years ago, a court may extend the time to serve an individual with the complaint upon request, even in the absence of good cause.  *Silver v. Giles*, No. 1:07-CV-103, 2008 WL 227852, at *2 (W.D. Mich. Jan. 25, 2008) (citing *dicta* in *Henderson v. United States*, 517 U.S. 654, 662 (1996) for the proposition that Rule 4 gives courts discretion to enlarge the deadline even without a showing of good cause); *see also* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment, Subdivision (m).

Because dismissal—even without prejudice—would likely preclude any relief under 11 U.S.C. § 523(c) given the deadline prescribed in Fed. R. Bankr. P. 4007(c), the court will enlarge the deadline under Fed. R. Civ. P. 4(m) for a short time, giving the Plaintiff another chance to comply scrupulously with the service rules by promptly serving a fresh summons together with the complaint.  Fed. R. Bankr. P. 7004(e).

After discussing the matter with the parties on the record, Plaintiff's counsel agreed to re-serve the summons and complaint in accordance with the rules within the time as enlarged under Fed. R. Civ. P. 4(m).  And, as noted above, he helpfully consented to setting aside the entry of default.

In view of the foregoing, the court will deny the Motion for default judgment and set aside the entry of default to give the Plaintiff an opportunity to properly pursue its claims in accordance with the court's rules and give the Defendant the chance to address the claims on the merits.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

(1) the Motion (ECF No.  9) is DENIED;

(2) the Clerk's entry of default is set aside;

(3) the Plaintiff shall complete service of a fresh summons and complaint upon the Defendant within 21 days after entry of this Order; and

(4) if the Plaintiff serves a summons and complaint within the period as enlarged by this Order, the Defendant shall respond within the time and in the manner prescribed in Fed. R. Bankr. P. 7012.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon debtor Kristy Lee Soldan and James Hafke, Esq.

END OF ORDER

**IT IS SO ORDERED.**



**Dated November 25, 2019**

Scott W. Dales
United States Bankruptcy Judge