UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

KRISTY LEE SOLDAN,

        Debtor.

_____/

MESOHEALTH, PC,

        Plaintiff,

v.

KRISTY LEE SOLDAN,

        Defendant.

_____/

Case No. DL 19-01889
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 19-80094

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). For this reason, the court refused to enter a default judgment against chapter 7 debtor and *pro se* defendant Kristy Lee Soldan late last year. *See* Memorandum of Decision and Order dated November 25, 2019 (ECF No. 12, the "MDO").

In that same order, because the time-limit for effecting service had expired before the default hearing, the court gave the plaintiff, MesoHealth, PC ("MesoHealth"), an additional twenty-one days in which to serve Ms. Soldan, and referred plaintiff's counsel to particular rules governing the summons and the deadlines for serving the summons and complaint:

> Because dismissal -- even without prejudice -- would likely preclude any relief under 11 U.S.C. § 523(c) given the deadline prescribed in Fed. R. Bankr. P. 4007(c), the court will enlarge the deadline under Fed. R. Civ. P. 4(m) for a short time, giving the Plaintiff another chance to comply scrupulously with the service rules by promptly serving a fresh summons together with the complaint. Fed. R. Bankr. P. 7004(e).

MDO at p. 2.[1]  Rather than "comply scrupulously" with the rules during the enlarged period under Rule 4(m), however, MesoHealth failed to serve a re-issued summons with its complaint until December 20, 2019 -- shortly after the expiration of the deadline under Rule 4(m), as extended by the MDO.  *See* Certificate of Service (ECF No. 17).

In response, Ms. Soldan filed a *pro se* answer, with affirmative defenses, challenging the merits of MesoHealth's complaint as well as the plaintiff's service of a "dead summons" before the deadline prescribed in the MDO, and untimely service of a fresh summons after.  The court treated Ms. Soldan's *pro se* filing as a dismissal motion (ECF No. 18, the "Motion") premised on service defects under Rule 12(b)(4) and (b)(5) and issued a Scheduling Order (ECF No. 19).  In that order, the court observed that service-related defenses are not waived if, as here, a defendant includes them in a responsive pleading.  *See* Fed. R. Civ. P. 12(b) and (h)(1).

MesoHealth responded to Ms. Soldan's Motion by timely filing a document entitled "Response Proper Service" (ECF No. 20, the "Response"), and Ms. Soldan timely filed a form answer in reply (ECF No. 22, the "Reply").  The court has considered the docket in this matter, the Motion, the Response, and the Reply, and will dismiss the complaint under Rule 4(m) for the following reasons.

---

[1] The court will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure simply as "Rule ___," relying on the numbering convention for each set of rules to identify the intended reference.

Our cases make it quite clear that a court's personal jurisdiction over a defendant depends on much more than simply giving her casual notice of a plaintiff's claims:  there must be proper service.  In slightly different context, the Supreme Court put it this way:

> …[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.  There also must be a basis for the defendant's amenability to service of summons.  Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital*, 484 U.S. at 104; *see also O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (to similar effect).

As a plaintiff in an adversary proceeding, MesoHealth derives its "authorization" to haul Ms. Soldan before the court by complying with Rule 7004 (and applicable provisions of Rule 4). *See* Fed. R. Bankr. P. 7004(f) (". . . serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. . . is effective to establish personal jurisdiction over the person of any defendant with respect to a . . . civil proceeding arising under the Code, or arising in or related to a case under the Code.").  Conversely, serving process in a manner inconsistent with the rules is not effective to establish personal jurisdiction.

The court's rules govern all aspects of service, including the manner of issuing a summons, its form, and the deadlines for serving it.  The court requires all parties, represented or not, to comply with the rules.

First, a court does not issue a summons *sua sponte*; a plaintiff must request one by presenting a properly completed form to the Clerk.  *See* Fed. R. Civ. P. 4(b) (applicable in adversary proceedings under Fed. R. Bankr. P. 7004).  Rule 4(b) provides in relevant part as follows:

> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. . . .

Fed. R. Civ. P. 4(b). The properly completed summons, if properly served with the complaint, compels a defendant to answer within a specified time.

In adversary proceedings, a defendant's deadline for responding to a bankruptcy court summons is generally "30 days after the issuance of a summons," unlike the practice in the United States District Courts where the response deadline is measured from the *service* of the summons. *Compare* Fed. R. Bankr. P. 7012(a) with Fed. R. Civ. P. 12(a)(1)(A)(i). Because the response deadline in an adversary proceeding depends on the date of issuance of the summons (rather than service), the Supreme Court adopted a special rule imposing a deadline for serving the summons: seven days after issuance. *See* Fed. R. Bankr. P. 7004(e). This rule is in addition to the 90-day deadline under Rule 4(m).

Indeed, the court's MDO specifically called Rule 7004(e) to the attention of MesoHealth's counsel and referred to a "fresh" or "re-freshed" summons, signaling the special service requirements in bankruptcy. *See, e.g.,* MDO at p. 3 ("the court will enlarge the deadline under Fed. R. Civ. P. 4(m) for a short time, giving the Plaintiff another chance to comply scrupulously with the service rules by promptly serving a fresh summons together with the complaint. Fed. R. Bankr. P. 7004(e)").

Given the short life of a summons, Rule 7004(e) provides a safety valve: "[i]f a summons is not timely delivered or mailed, another summons shall be issued and served." Fed. R. Bankr. P. 7004(e). Of course, the Clerk would have no way of knowing whether the summons was timely served so, as noted above, the rule requires a plaintiff to present a new summons for signature. Fed. R. Civ. P. 4(b). To facilitate re-issuance of a summons when a plaintiff misses a service

deadline, our court's electronic filing system includes an "event" that permits counsel to prepare and request a re-issued summons with just a few keystrokes, as MesoHealth did on December 17, 2019 -- the last date of the service period as enlarged under the MDO. *See* Re-Issued Summons in an Adversary Proceeding (ECF No. 16).  The plaintiff served the complaint and the re-issued summons three days later. *See* Certificate of Service (ECF No. 17).

In addition to imposing the seven-day deadline for effecting service, the rules require that a plaintiff complete its service of a summons and complaint "within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  After the default hearing and the entry of the MDO, MesoHealth should have been keenly aware of the deadline and the consequences.[2]  Indeed, the court relieved the plaintiff of not complying with the deadline in the first instance, by extending it for roughly a month after the default hearing.  *See* MDO at p. 4, ¶ 3 ("Plaintiff shall complete service of a fresh summons and complaint upon the Defendant within 21 days after entry of this Order").

In addition to imposing the 90-day service deadline, Rule 4(m) prescribes the consequences for failing to comply -- dismissal without prejudice -- and does so in rather mandatory terms:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The rule is not completely unforgiving of mistakes -- and neither is the court, as MesoHealth well-knows, because the court already extended the deadline despite the absence of good cause for the initial service failures.  *See* MDO at p. 3.  Nevertheless, as noted above, a plaintiff's authority to compel a defendant's participation in bankruptcy litigation derives from Rule 4 and Rule 7004.

---

[2] Ms. Soldan, though unrepresented and not an attorney, seems to have grasped the gist of the rule and the MDO.

The court has carefully reviewed MesoHealth's Response and finds it unpersuasive. The Response feigns compliance with the MDO by obscuring the steps the plaintiff took after the court extended the service deadline, pretends confusion resulting from the text of the MDO, and blames the court for not re-issuing the summons *sua sponte*. Despite the obfuscation, the court's language within the MDO was clear and Rule 4(b) does not require the Clerk to re-issue the summons on her own initiative. More important, the docket indisputably shows that MesoHealth did not serve a proper summons with the complaint until December 20, 2019 -- after the deadline as extended -- according to the statements of Angela Vermillion made under penalty of perjury. *See* Certificate of Service (ECF No. 17).

Under the circumstances, Rule 4(m) states that the court "must dismiss." Having already extended the deadline following the initial, unexcused service defects, the court declines to exercise its discretion to extend the deadline again. The *pro se* defendant played by the court's rules and the court expects no less from a represented plaintiff.

The court will dismiss the complaint, without costs, and without prejudice, even though, as a practical matter, dismissal will likely result in a time-bar under Rule 4007(c).

NOW, THEREFORE, IT IS HEREBY ORDERED that (i) the Motion is GRANTED; (ii) the complaint of MesoHealth will be DISMISSED without prejudice; and (iii) the Clerk shall enter a separate judgment consistent with this Memorandum of Decision Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kristy Lee Soldan and James Hafke, Esq.

END OF ORDER

**IT IS SO ORDERED.**



**Dated January 30, 2020**

Scott W. Dales
United States Bankruptcy Judge